UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2733-KK-DTBx** | Date: | January 2, 2025 |
|---|---|---|---|

| Title: | *Allan R. Lazar, et al. v. Nationstar Mortgage, LLC, et al.* |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction and Sanctions**

On December 29, 2024, plaintiffs Allan Lazar and Jo Millerica Lazar ("Plaintiffs") filed a Complaint against defendants Nationstar Mortgage, LLC, Wilmington Trust National Association, Affina Default Services, and Does 1-50 ("Defendants") in the United States District Court for the Central District of California, asserting state law claims with respect to Defendants' foreclosure proceedings on Plaintiffs' property.  ECF Docket No. ("Dkt.") 1.  Plaintiffs seek declaratory relief, injunctive relief, disgorgement of Defendants' illegal profits, and damages.  Id. at 19-20.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983), and a corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1).  With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently

made in good faith." <u>Ibarra v. Manheim Invs., Inc.</u>, 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted). However, a "facially implausible figure does not satisfy the amount in controversy requirement." <u>Parker v. U.S. Bank Tr., N.A.</u>, No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).

Here, Plaintiffs do not adequately allege any basis for this Court to exercise jurisdiction.[1]

First, Plaintiffs' claims all arise under state law, hence, there is no asserted basis for federal question jurisdiction.

Second, Plaintiffs have not met their burden of establishing complete diversity of citizenship or the amount in controversy exceeds $75,000 to assert diversity jurisdiction. With respect to Plaintiffs' citizenship, Plaintiffs merely state they reside in Temecula, California. Complaint ¶ 1; <u>see</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). Similarly, with respect to Defendants, Plaintiffs merely allege the state in which Defendants are registered, which is insufficient to establish citizenship for purposes of diversity. Complaint ¶¶ 2-4; <u>see, e.g.</u>, <u>Yokeno v. Sekiguchi</u>, 754 F.3d 649, 656 (9th Cir. 2014) ("A corporation, for example, is expressly 'deemed to be a citizen of every State and foreign state by which [they have] been incorporated and of the State or foreign state where it has its principal place of business.'") (citing 28 U.S.C. § 1332(c)(1)). Moreover, based on the paltry allegations, it would appear that complete diversity is, in fact, lacking. <u>Yokeno</u>, 754 F.3d at 652 ("Unlike the Constitution, the diversity statute, 28 U.S.C. § 1332, requires complete diversity of citizenship.").

With respect to the amount in controversy, the Court is not persuaded that Plaintiffs' claim for "disgorgement of Defendants' illegal profits and gains" and request for damages meet the amount in controversy requirement. <u>See</u> <u>Redford v. Greendot Corp.</u>, No. CV 20-3260-JGB-PVCx, 2021 WL 785147, at *7 (C.D. Cal. Jan. 14, 2021) ("[W]hen the amount in controversy depends largely on alleged punitive damages, the court will scrutinize a claim more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed.), <u>report and recommendation adopted</u>, 2021 WL 784955 (C.D. Cal. Feb. 26, 2021). In fact, other than the amount of the loan originally obtained by Plaintiffs, Plaintiffs fail to provide any dollar amount in controversy in the instant matter. Therefore, the actual damages request is not clear on the face of the Complaint.

Accordingly, Plaintiffs are **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction, and why Plaintiffs and Plaintiffs' counsel should not be sanctioned in the amount of $500.00 each for improperly filing this action in federal court. <u>See</u> Fed. R. Civ. P. 11(c)(3). Plaintiffs shall file a response to this Order **no later than seven days from the date of this Order**.

---

[1] Moreover, the Court is not pleased with what appears to be a sloppy "cut and paste" from a complaint prepared for state court. <u>See, e.g.</u>, Complaint ¶ 9 (stating "[t]his Court has subject matter jurisdiction over the claims raised herein pursuant to *California Constitution* Article VI, section 10, which grans this Court 'original jurisdiction in all causes except those given by statute to other trial courts.'").

**Plaintiffs are expressly warned that failure to timely file a response to this Order will result in this action being dismissed for lack of subject matter jurisdiction and may also result in additional monetary sanctions.**

**IT IS SO ORDERED**.