UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-2733-KK-DTBx** | Date: | February 5, 2025 |
|---|---|---|---|

| Title: | *Allan R. Lazar, et al. v. Nationstar Mortgage, LLC, et al.* |
|---|---|

Present: The Honorable     KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:     (In Chambers) SECOND ORDER TO SHOW CAUSE Regarding Subject Matter Jurisdiction and Sanctions**

On December 29, 2024, plaintiffs Allan Lazar and Jo Millerica Lazar ("Plaintiffs") filed a Complaint against defendants Nationstar Mortgage, LLC, Wilmington Trust National Association, Affina Default Services, and Does 1-50 ("Defendants") in the United States District Court for the Central District of California, asserting state law claims with respect to Defendants' foreclosure proceedings on Plaintiffs' property.  ECF Docket No. ("Dkt.") 1.  On January 2, 2025, this Court issued an Order to Show Cause ("First OSC") as to why this matter should not be dismissed without prejudice for lack of subject matter jurisdiction, and why counsel should not be sanctioned for filing the instant action in this Court. Dkt. 7.  Counsel was ordered to file a response within 7 days of the First OSC.  Id.

Counsel failed to file a written response as ordered.  Instead, on January 7, 2025, counsel filed a First Amended Complaint ("FAC").  Dkt. 9, FAC.  However, the FAC, once again asserts only state claims and fails to provide a basis for this Court to exercise diversity jurisdiction.  Id.

As this Court previously advised in the First OSC, federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]" Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. With respect to the parties' citizenship, an individual is deemed to be a citizen of the state where they are domiciled, see Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983), and a corporation is deemed to be a citizen of the state where it is incorporated and the state where it has its principal place of business, 28 U.S.C. § 1332(c)(1). With respect to the amount in controversy, "the sum claimed by the plaintiff [in the complaint] controls if the claim is apparently made in good faith." Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotation marks omitted). However, a "facially implausible figure does not satisfy the amount in controversy requirement." Parker v. U.S. Bank Tr., N.A., No. CV 20-9697-ODW-RAOx, 2020 WL 7479633, at *2 (C.D. Cal. Dec. 18, 2020).

Here, Plaintiffs, yet again, fail to adequately allege any basis for this Court to exercise jurisdiction.

First, Plaintiffs' claims all arise under state law, hence, there is no asserted basis for federal question jurisdiction.

Second, Plaintiffs have not met their burden of establishing complete diversity of citizenship. With respect to Plaintiffs' citizenship, Plaintiffs merely state they reside in Temecula, California. FAC ¶ 1; see Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("[A] natural person's state citizenship is [] determined by her state of domicile, not her state of residence."). Similarly, with respect to Defendants, Plaintiffs merely allege the state in which Defendants are located and/or registered, which is insufficient to establish citizenship for purposes of diversity. FAC ¶¶ 2-4; see, e.g., Yokeno v. Sekiguchi, 754 F.3d 649, 656 (9th Cir. 2014) ("A corporation, for example, is expressly 'deemed to be a citizen of every State and foreign state by which [they have] been incorporated and of the State or foreign state where it has its principal place of business.'") (citing 28 U.S.C. § 1332(c)(1)). Notably, defendants Wilmington Trust National Association and Affina Default Services are alleged to be registered in the State of California. Id. ¶¶ 3-4. Moreover, while Plaintiffs claim, "all other defendants are citizens outside of this [state]," id. ¶ 8, Plaintiffs provide no facts to support this conclusory assertion. Hence, once again, based on the paltry allegations, Plaintiffs fail to meet their burden of establishing diversity jurisdiction as it appears complete diversity is lacking. Yokeno, 754 F.3d at 652 ("Unlike the Constitution, the diversity statute, 28 U.S.C. § 1332, requires complete diversity of citizenship.").

Accordingly, Plaintiffs are, once again, **ORDERED TO SHOW CAUSE** in writing why this action should not be dismissed for lack of subject matter jurisdiction, and why Plaintiffs and Plaintiffs' counsel should not be sanctioned in the amount of $500.00 each for improperly filing this action in federal court. See Fed. R. Civ. P. 11(c)(3). Plaintiffs shall file a response to this Order **no later than seven days from the date of this Order**.

**Plaintiffs are expressly warned that failure to timely file a response to this Order, i.e. not simply an amended complaint, will result in this action being dismissed for lack of subject matter jurisdiction and monetary sanctions**.

**IT IS SO ORDERED**.